IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON VAN HOOK,<br><br>            **Plaintiff,**<br><br>v.<br><br>CAPTAIN COLLINS,<br>OFFICER ANDERSON,<br>SGT SHELDON,<br>OFFICER MCINTOSH,<br><br>            **Defendant.** | Case No. 24-cv-02558-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Marlon Van Hook, an inmate in the custody of the Federal Bureau of Prisons currently being held at Federal Correctional Institution Terre Haute, commenced this civil action while he was incarcerated at the St. Clair County Jail. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

FIRST AMENDED COMPLAINT

Plaintiff alleges that the while he was held in custody at the St. Clair County Jail his mail was repeatedly mishandled and delayed. (Doc. 15, p. 5).

On one occasion, sometime between November 8 and November 15, 2024, Officer McIntosh and Officer Borner brought Plaintiff his legal mail already opened. (Doc. 15, p. 5). McIntosh told Plaintiff that Plaintiff's mail had been sitting on a desk since the last time he,

Page 1 of 7

McIntosh, was at work, and he did not know why Plaintiff's mail had not been delivered. Plaintiff was instructed to re-open the mail so that the officers could check for staples. The paper was "sliced, as if they were about to trash it." (*Id.*).

On November 23, 2024, Officer Stanley brought Plaintiff his mail and stated, "I don't know why they haven't been [giving] you your mail. It's been sitting on the desk." (Doc. 15, p. 5). Plaintiff states that he attempted to notify Captain Collins that his mail was not being timely delivered by filing a grievance, but Collins told Plaintiff that the grievance did not meet the grievance requirements and "closed the case." (*Id.* at p. 6). Plaintiff asked the mail pass officer, Anderson, why he was receiving his mail late and why his mail was not being timely delivered to him. (Doc. 15, p. 6). Anderson told Plaintiff that it is because he is too busy and so he leaves the mail with the housing unit officer. (*Id.*). Because Plaintiff's mail was delivered late, Plaintiff states the his "case received a strike." (*Id.* at p. 7).

At some point, Plaintiff sent fourteen "requests" to the U.S. Marshals Service. (Doc. 15, p. 6). When he asked Sergeant Sheldon about the requests, Sheldon confirmed that the requests were sent, but Plaintiff never received any response from the U.S. Marshals Service. (*Id.*).

Plaintiff asserts that he was also denied visits with his criminal defense attorney, Joslyn Sandifer. (Doc. 15, p. 7). Captain Collins told Plaintiff that she is not recognized as legal counsel. Plaintiff argues that Sandifer has been a legal representative for twenty years, has visited him on many occasions at the St. Clair County Jail, and he has had zoom meeting visits with her. (*Id.*).

And finally, Plaintiff claims that Collins denied his FOIA requests and labeled most of Plaintiff's grievances as "inappropriate." (Doc. 15, p. 6).

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court designates the following counts:

| | | |
|---|---|---|
| **Count 1:** | First/Fourteenth Amendment access to courts claim against McIntosh for opening Plaintiff's legal mail prior to delivery sometime between November 8 and November 15, 2024. |
| **Count 2:** | First/Fourteenth Amendment access to court claim against Collins and Anderson for delaying the delivery of Plaintiff's mail. |
| **Count 3:** | First/Fourteenth Amendment access to court claim against Collins for denying Plaintiff visits with his attorney. |
| **Count 4:** | First Amendment claim against Collins and Anderson for delaying the delivery of Plaintiff's mail. |
| **Count 5:** | First Amendment claim against Sheldon regarding the fourteen requests sent to the U.S. Marshals Service by Plaintiff. |
| **Count 6:** | Claim against Collins for denying Plaintiff's FOIA requests. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Access to Courts: Counts 1, 2, and 3

Plaintiff appears to be alleging that Defendants hindered his ability to access the courts by opening his legal mail outside his presence, canceling visits with his attorney, and delaying and mishandling his mail. To establish a violation of the constitutional right to access to the courts, "a plaintiff must demonstrate that state action hindered his or her efforts to pursue a nonfrivolous legal claim and that consequently the plaintiff suffered some actual concrete injury." *May v. Sheahan,* 226 F. 3d 876, 883 (7th Cir. 2000).

Here, Plaintiff does not adequately describe how the mishandling of his mail and the denial of visits with his attorney prejudiced his ability to pursue a legal claim or defense. Plaintiff's sole

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

complaint is that he received a "strike" in one of his cases because the jail delivered his mail to him late. (Doc. 15, p. 7). The Court assumes Plaintiff is referring to the dismissal of a federal civil lawsuit for reasons which would qualify as a strike under 28 U.S.C. §1915(g). Plaintiff, however, does not give a case citation, and including this case, he continues to litigate six of the seven civil cases he has filed in this district.[2] The seventh case, 25-cv-00490-SMY commenced on April 1, 2025, was dismissed on June 3, 2025, after Plaintiff was transferred from St. Clair County Jail to Federal Correctional Institution Terre Haute on April 7, 2025. *Van Hook v. Lockhart*, Case No. 25-cv-00490-SMY, Doc. 5, 9 (S.D. Ill. filed on April 1, 2025). Judge Yandle dismissed the case when Plaintiff failed to pay the filing fee or submit a motion for leave to proceed *in forma pauperis* by the deadlines set by the court. In the First Amended Complaint in this case, Plaintiff explains that Federal Correctional Institution Terre Haute failed to send his mail in a timely manner, "which over-rode a deadline for a 'IFP form.'" (Doc. 15, p. 3). Thus, Plaintiff missed the deadline because of alleged conduct on the part of staff at Federal Correctional Institution Terre Haute, not Defendants. Because Plaintiff has not identified an underlying nonfrivolous claim that Defendants' actions impeded, Counts 1, 2, and 3 are dismissed. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey,* 518 U.S. 343, 351–53 (1996).

### Counts 4 and 5

The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999) (citing *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley,* 482 U.S. 78 (1987)). Here, however, Plaintiff's allegations regarding the delay of his incoming mail do not rise to the level of a First Amendment violation. Although Plaintiff repeatedly did not receive his mail in a timely

---

[2] *See* Case No. 24-cv-2200-JPG, 24-cv-02324-MAB, 24-cv-02527-RJD, 25-cv-00335-JPG, and 25-cv-0051-SPM.

manner, he does "not allege that the delays resulted from a content-based prison regulation or practice," and he does not specify the length of the delay, which appears to not be significant.[3] *Rowe,* 196 F. 3d at 782. *See also Sizemore v. Williford,* 829 F. 2d 608, 611 (7th Cir. 1987) (recognizing that is a plaintiff were to complain solely of "persistent delays in the receipt of" subscriptions, then "the context of his confinement would excuse such relatively short-term subscription interruptions"). There are also no allegations that any of his incoming mail was not delivered to him, only that Officer Anderson was "too busy" to distribute the mail himself promptly when the mail arrived. These allegations, as pled, do not raise constitutional concerns. Count 4 is dismissed against Anderson and Collins.

Count 5 is also not sufficiently pled. Plaintiff claims that he asked Sergeant Sheldon whether Sheldon had sent fourteen requests to the U.S. Marshals Service, and Sheldon responded that he did. Plaintiff asserts he never received a response to his requests from the U.S. Marshals Service. This allegation is not sufficient for the Court to plausibly infer that Sheldon violated Plaintiff's constitutional rights. Count 5 is dismissed.

**Count 6**

Plaintiff claims that Captain Collins denied all his "F.O.I.A. request[s]." (Doc. 15, p. 4, 6). The Freedom of Information Act (FOIA), 5 U.S.C. § 551 *et seq*. applies to federal government agencies, and not local municipalities. Federal agencies are the only proper parties in FOIA litigation. *See* 5 U.S.C. § 552(a)(4)(B); *Batton v. Evers*, 598 F.3d 169, 173 n. 1 (5th Cir. 2010) ("A FOIA plaintiff may not assert a claim against an individual federal official; the proper defendant is the agency."). Accordingly, Count 6 is dismissed.

Because Plaintiff has failed to state a claim against any of the named Defendants, the First

---

[3] It appears from the First Amended Complaint that Plaintiff was receiving mail almost weekly. He received mail sometime during the week of November 8-15, 2024, and then again on November 23, 2024. (Doc. 15, p. 5).

Amended Complaint will be dismissed. When a complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee,* 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago,* 24 F.3d 966, 970 (7th Cir. 1994). This is Plaintiff's second attempt to state a claim, and he again is unsuccessful. Accordingly, the Court finds that any further amendment of Plaintiff's claims in this action would be futile. The dismissal of this case will be with prejudice and without leave to amend.

## DISPOSITION

The First Amended Complaint (Doc. 15) and this entire case are **DISMISSED with prejudice** for failure to state a constitutional claim upon which relief may be granted. The Court counts the dismissal of this action as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll (suspend) the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir.

2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F. 3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:   July 21, 2025**

                                            *s/Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**